IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| RONALD L. JOSEPH, | ) CASE NO. 5:11CV00022 |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | ) |
| | ) By: B. Waugh Crigler |
| Defendant. | ) U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's March 31, 2008 protectively-filed application for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this action from the docket of the court.

In a decision issued on February 26, 2010, an Administrative Law Judge ("Law Judge") found that plaintiff remained insured through December 31, 2011, and that he had not engaged in substantial gainful activity since October 1, 2006, his alleged disability onset date. (R. 12.) The Law Judge determined that plaintiff suffered the following severe impairments: degenerative disc disease, a left shoulder injury status post surgery in May 2009, and a history of left carpal tunnel status post surgical repair. (*Id.*) The Law Judge further determined that plaintiff did not

have an impairment or combination of impairments which met or equaled a listed impairment. (R. 13.) The Law Judge was of the belief that plaintiff retained the residual functional capacity ("RFC") to perform light work that does not require the use of his non-dominant left upper extremity for overhead work. (*Id.*) The Law Judge found that this RFC precluded plaintiff from performing his past relevant work, but that other jobs exist in substantial numbers in the national economy that he could perform. (R. 16.) Ultimately, the Law Judge found plaintiff was not disabled. (R. 17.)

Plaintiff appealed the Law Judge's February 26, 2010 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of his motion for summary judgment, plaintiff initially argues that the Law Judge erred by failing to give controlling weight to the opinion offered by treating source Jerome J. Hotchkiss, M.D. (Pl's Brief, pp. 6-9. [1]) The undersigned disagrees, and finds

---

[1] Plaintiff's Memorandum in support of his motion for summary judgment is not paginated. For ease of reference, the undersigned has assigned page numbers to the document.

that the Law Judge's decision to accord less than controlling weight to Dr. Hotchkiss is supported by substantial evidence.

Under the regulations and applicable circuit decisional authority, a Law Judge and the Commissioner must consider the following in evaluating and weighing medical opinions: "'(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.'" *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006) (quoting *Johnson v Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005)).

It is a well-established general principle that the evidence of a treating doctor should be accorded greater weight. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). Yet, when that physician's opinion is not supported by the objective medical evidence or is inconsistent with other substantial evidence, it may be given "significantly less weight." *Craig*, 76 F.3d at 590. Moreover, where the evidence is such that reasonable minds could differ as to whether the claimant is disabled, the decision falls to the Law Judge, and ultimately to the Commissioner, to resolve the inconsistencies in the evidence. *Johnson*, 434 F.3d at 653; *Craig*, 76 F.3d at 589.

Dr. Hotchkiss, plaintiff's primary care physician, completed a medical assessment on January 4, 2010. (R. 386-391.) In that assessment, Dr. Hotchkiss noted that plaintiff had been diagnosed with the following: DDD and DJD of the cervical and thoracic spine, carpal tunnel symptoms, and shoulder pain. (R. 386.) The physician opined that plaintiff could occasionally lift and/or carry a maximum of twenty pounds and frequently lift/carry only up to two pounds. (*Id.*) Plaintiff could stand and/or walk for a total of two hours in an eight-hour workday and for only twenty minutes without interruption, and he could sit for a total of four to five hours in an

3

eight-hour workday and for only ten minutes without interruption. (R. 387.) The physician opined that plaintiff could never climb, balance, stoop, crouch, kneel, or crawl. (*Id.*) He believed plaintiff had limitations on the following manipulative functions: reaching in all directions (including overhead), handling (gross manipulation), fingering (fine manipulation), and feeling (skin receptors). (R. 388.) Dr. Hotchkiss found that plaintiff should avoid heights, moving machinery, temperature extremes, and vibration. (R. 389.) The physician opined that plaintiff would miss every day from work due to his condition and/or the need for medical treatments as a result of his conditions. (*Id.*) Finally, Dr. Hotchkiss believed that plaintiff would not be capable of working on a sustained basis (i.e. eight hours a day/five days a week). (R. 390.)

The Law Judge addressed Dr. Hotchkiss' January 4, 2010 assessment and noted that he agreed that plaintiff was limited in the use of his non-dominant left upper extremity for overhead work. (R. 15.) However, he further believed that the remainder of this assessment was entitled to "minimal weight" because it was inconsistent with the minimal examination and diagnostic findings, and because plaintiff received only conservative treatment for his neck and back pain. (*Id.*)

Dr. Hotchkiss' work preclusive limitations are inconsistent with the record evidence of plaintiff's physically demanding activities. For instance, plaintiff personal's information and his medical records reveal that he has been able to feed, water and walk his animals and do yard work (R. 150-151), wash dishes and help with cleaning and mowing (R. 152), walk and both drive and ride in a car (R. 153), work in his garden (R. 154), perform light construction and landscape work (R. 247, 253, 255, 259). He presented to or finished treatment with RMH Rehab

4

Services on a number of occasions "without complaints of pain or difficulty." (R. 250, 254, 261.)

The opinions offered by the State agency record reviewing physicians also are contrary to Dr. Hotchkiss' opinion that plaintiff suffered work-preclusive limitations. R.S. Kadian M.D. determined that plaintiff could perform light exertional work (R. 308-313), an opinion which was echoed by a second State agency record reviewing physician (R. 335-340). In all, there is substantial evidentiary support for the Law Judge's decision not to give controlling weight to the evidence of plaintiff's treating doctor.

Next, plaintiff contends that the Law Judge improperly discounted his complaints of pain and failed to give his testimony the "great weight" it deserved. (Pl's Brief, pp. 9-11.) Specifically, plaintiff contends that the record is full of objective medical evidence which supports his complaints of disabling pain. (Pl's Brief, p. 10.) Moreover, plaintiff argues that the Law Judge erred in evaluating his subjective complaints because he did not consider all seven factors set forth in 20 C.F.R. § 404.1529(c)(3). (*Id.*) The undersigned disagrees and finds that the Law Judge's credibility finding is supported by substantial evidence and determined in a manner consistent with applicable legal authority.

There is a two-step process for evaluating subjective complaints. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). The two-step process corresponds with Social Security Ruling ("SSR") 96-7p and the regulations at 20 C.F.R. § 404.1529 At step one, the Law Judge must determine whether there is objective medical evidence showing the existence of a medical impairment that reasonably could be expected to produce the pain or symptoms alleged. *Craig*, 76 F.3d at 594. At step two, the Law Judge must evaluate the intensity and persistence of the claimant's pain or other symptoms alleged based on all the evidence in the record, including the claimant's

5

testimony. *Id.* at 595. Step two of the credibility analysis involves consideration of the claimant's statements of pain and other alleged symptoms, as well as factors such as: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain or other symptoms; (3) precipitating or aggravating factors; (4) the type, dosage, effectiveness, and side effects of medication; (5) treatments, other than medication, received for relief of symptoms; (6) measures used to relieve symptoms; and (7) other factors concerning functional limitations and restrictions caused by symptoms. 20 C.F.R. § 404.1529(c)(3).

At step one in his credibility assessment, the Law Judge found that that plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms. (R. 14.) At step two, the Law Judge found that plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were "not credible" to the extent they were inconsistent with the Law Judge's determination of plaintiff's RFC finding. (*Id.*)

After examining the entire record, the undersigned finds there are inconsistencies between plaintiff's allegations of disabling pain and the medical evidence. For example, on January 30, 2008 plaintiff "declined" the physical therapy recommended by his treating physician Jonathan D. Shenk, M.D. (R. 303.) Plaintiff also declined a referral to a pain specialist. (R. 347.) As noted, plaintiff was able engage in numerous activities, including farming, manual labor, light construction, yard work, and daily gardening. This evidence in the record does not compel the Law Judge to have accepted plaintiff's subjective complaints at face value and provides substantial support for the Law Judge's decision to not fully credit those complaints.

Plaintiff's contention that the Law Judge erred in evaluating his subjective complaints because he did not consider all seven factors set forth in 20 C.F.R. § 404.1529(c)(3) also lacks

merit. A review of the record reveals that the Law Judge considered plaintiff's daily activities; the location, duration, frequency, and intensity of the pain or other symptoms; precipitating or aggravating factors; the type, dosage, effectiveness, and side effects of medication; treatments, other than medication, received for relief of symptoms; measures used to relieve his symptoms; and other factors concerning functional limitations and restrictions caused by symptoms. (R. 14-15.) Neither the Act nor the Commissioner's regulations require more.

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

10-4-2011
Date

7